# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY SANDERLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC.,<br><br>    Defendant. | Case No.  1:24-cv-00971-JLT-SAB<br><br>ORDER DENYING UNOPPOSED REQUEST TO EXTEND WALMART, INC.'S DEADLINE TO FILE RESPONSIVE PLEADING AS PROCEDURALLY DEFECTIVE<br><br>(ECF No. 39) |

On August 20, 2024, this matter was transferred to the Eastern District of California, and on August 23, 2024, an order issued relating this matter to Navarro v. Target Corp., Civil Case No. 1:24-cv-00280-JLT-SAB (E.D. Cal.).  (ECF Nos. 29, 32.)  On August 26, 2024, an order issued requiring Defendant Walmart, Inc. to file a responsive pleading on or before September 6, 2024.  (ECF No. 33.)  On September 4, 2024, Defendant filed an unopposed motion to extend time to file a responsive pleading pursuant to Local Rule 144.  (ECF No. 39.)

Initially, the Court notes that the document was docketed as a "Stipulation and Proposed Order".  However, the document is titled "UNOPPOSED REQUEST AND [PROPOSED] ORDER TO EXTEND WALMART, INC.'S DEADLINE TO FILE RESPONSIVE PLEADING BY 45 DAYS (LOCAL RULE 144(A))".  (ECF No. 39.)  When docketing an item, the parties are admonished to choose the title that reflects the actual document filed.

The Local Rules of the Eastern District of California (hereafter "Local Rules" or "L.R.") provide:

Unless the filing date has been set by order of the Court, an initial stipulation

>extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation. All other extensions of time must be approved by the Court. No open extensions of time by stipulation of the parties will be recognized.

(L.R. 144(a).) The request is not a stipulation as it is not signed by all parties who have appeared in the action and are affected by the stipulation. (See L.R. 143(a).)

The Local Rules define a motion as "a motion, application, petition, or other request made to the Court for an order or other judicial activity." (L.R. 101.) Pursuant to Local Rule 230,

>Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than thirty-five (35) days after service and filing of the motion.

(L.R. 230(b).)

Defendant's request is procedurally improper as it is not a stipulation signed by all parties nor was a noticed motion filed.

Accordingly, IT IS HEREBY ORDERED that Defendant's unopposed request to extend Walmart, Inc.' deadline to file a responsive pleading by 45 days is DENIED.

IT IS SO ORDERED.

Dated:   **September 6, 2024**

UNITED STATES MAGISTRATE JUDGE