# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY SANDERLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC.,<br><br>　　　　　Defendant. | Case No.  1:24-cv-00971-JLT-SAB<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND DEFENDANT'S DEADLINE TO FILE RESPONSIVE PLEADING<br><br>(ECF No. 41) |

On April 2, 2024, this action was filed in the District of South Carolina.  (ECF No. 1.) On August 20, 2024, the matter was transferred to the Eastern District of California.  (ECF No. 29.)  On August 23, 2024, an order was filed relating this action to <u>Navarro v. Target Corp.</u>, No. 1:24-cv-00280-JLT-SAB, and the matter was reassigned.  (ECF No. 32.)  On August 26, 2024, an order issued requiring Defendant Walmart, Inc. to file a responsive pleading on or before September 6, 2024. (ECF No. 33.)  On September 4, 2024, Defendant filed an unopposed motion to extend time to file a responsive pleading pursuant to Local Rule 144.  (ECF No. 39.)  On September 6, 2024, the Court denied Defendant's request as procedurally improper because it was neither a stipulation signed by all parties nor a noticed motion.  (ECF No. 40.)

On September 6, 2024, Defendant filed the instant *ex parte* application to extend the time to file a responsive pleading to October 21, 2024.  (ECF No. 41.)  Defendant proffers an extension is necessary to coordinate the deadline in this case with the deadline in the first-filed

related matter, and to permit time for the parties to relate, consolidate, or otherwise coordinate the four cases filed against Defendant. (Id. at 2.) Defendant represents that Plaintiff is agreeable to extend the response date to October 21, 2024; however, a stipulation cannot be obtained because counsel for Plaintiff is not admitted to practice in California, is not a member of the bar of this Court, has not filed a *pro hac vice* application, and has not yet retained local counsel. (Id.) Defendant notes Plaintiff will benefit from the extension of the response date because no counsel for Plaintiff has yet appeared in this action.

Local Rule 144(c) provides that the "Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." Given the proffered reason for the extension, and the basis for seeking *ex parte* relief, the Court finds good cause to grant the Defendant's application to extend the time to file a responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's *ex parte* application (ECF No. 41) is GRANTED; and
2. Defendant shall file a response to Plaintiff's complaint **on or before October 21, 2024**.

IT IS SO ORDERED.

Dated:   **September 9, 2024**

_____
UNITED STATES MAGISTRATE JUDGE